■ RICHARD L. BEESEMYER, Respondent-Appellant, v MARY T. BEESEMYER, Appellant-Respondent. — Judgment of the Supreme Court, New York County (Helman, J.) entered April 8, 1981, modified, so far as appealed from, on the law, the facts and in the exercise of discretion, to increase the alimony award to $45,000 per year payable in equal monthly installments of $3,750 on the first day of each month, and increasing the award of counsel fee to $7,500, and, except as so modified, affirmed, without costs. Appeal from order of the Supreme Court, New York County (Helman, J.) entered July 7, 1981 denying defendant's motion for leave to reopen and reargue the findings and conclusions dismissed, without costs, as subsumed in the appeal from the judgment. In this action for divorce the only issues involved are the propriety of the awards made for permanent alimony and counsel fee. The trial court awarded the wife the matrimonial domicile (in which she already had a one-half interest), the household furnishings, a monthly alimony payment of $2,300 and required the husband to purchase and keep in effect a life insurance policy in the sum of $150,000 of which the wife is to be the beneficiary. The evidence discloses that plaintiff is an employee of the American Broadcasting Company. He is vice-president in charge of ABC's owned television stations and manager of its organization charged with the sale of programs to affiliates. For the period 1973 to 1980 his salary has increased, in regular stages, from $68,588 to $91,000. Additionally, he received perquisites in the form of bonuses, etc. He also maintains a substantial brokerage account which, in addition to dividends, reflects regular income in the form of capital gains. In 1978 the joint adjusted gross income for plaintiff and defendant as indicated by their joint Federal tax return was almost $390,000, with a tax payable in excess of $166,000. To this income the contribution of the wife was miniscule and consisted of minor sums in the form of dividends. In 1979 their joint Federal return indicated an adjusted gross income of over $290,000 with a tax payable of over $104,000. The 1980 Federal tax return, which was the basis of the motion to reopen and reargue, reflected a much higher adjusted gross income. However, we discount this figure since it included a very substantial capital gain signifying a one-time transaction in California real estate. However, it is fair to say these tax returns indicate the steadily increasing income of the husband. Opposed to this we have the wife, who has not worked during a marriage of over 30 years. She has little income and is "saddled" with the matrimonial domicile which, although having an estimated worth of $150,000, is not income producing. Further, so long as defendant remains the owner, it will be a drain upon her slender purse for it is undisputed that its upkeep is minimally $24,000 per year. Were we to leave the support provisions as fixed by the trial court, they would barely cover the cost of maintenance of the house. In these circumstances we are of the opinion that defendant is entitled to a higher award for support and maintenance than that made by the trial court and we modify to increase that award to $45,000 per year payable in monthly installments of $3,750. We are also of the opinion that the request by defendant's most experienced and competent counsel for a fee of $7,500 was not excessive. We modify to allow him that amount. Concur — Sandler, J. P., Carro, Bloom, Fein and Milonas, JJ.